NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ANTONIO CIARLEGIO, PETITIONER, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, SUCCESSORS TO PUBLIC SERVICE GAS COMPANY, RESPONDENT.

### Hernia—Four of the Five Statutory Requirements in Such Cases Met, But the Fifth, Compulsion to Quit Work Immediately, Not Established—Case Dismissed.

On finding of facts and order for dismissal.

The above-entitled matter came on for a hearing before Honorable Harry J. Goas, deputy commissioner, at the Department of Labor Building, Church and Ellison streets, in the city of Paterson, county of Passaic and State of New Jersey, on the 19th day of February, 1925, the petitioner being represented by Henry Marelli, his attorney, and the respondent by its attorney, James O. Boyd.

From the evidence submitted it appears that the petitioner was lifting a bag of iron fittings in a tool box, which was mounted on wheels, and felt a pain in his right side, and that he continued to work for six or seven minutes until the loading of the tool box was completed and then proceeded, with the help of other laborers, to push the tool box for about a mile to the corner of Twelfth avenue and Nineteenth street, in the city of Paterson. Upon arriving at Twelfth avenue and East Nineteenth street he proceeded to dig a trench to locate a broken gas pipe. He then, at the usual quitting time, five o'clock, went to his foreman and told him he would be unable to return in the morning as he had a severe pain in his side. He went to his doctor the next morning, who said he had a hernia, and then reported back to the shop to the foreman, also notified the foreman that he had a hernia, and alleges he sustained a hernia as a result of lifting

the bag of fittings at the corner of Beech and Essex streets, in the city of Paterson, at three o'clock in the afternoon of July 11th, 1924.

Under *Pamph. L.* 1919, *p.* 204, *ch.* 93, ¶ 11, *subdivision* 10 : "Hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. . Where there is real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered either congenital or of slow development, and not compensable, being a disease rather than an accidental injury, unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that—

"1. The descent of the hernia immediately followed the cause.

"2. That there was severe pain in the hernia region.

"3. That there was such prostration that the employe was compelled to cease work immediately.

"4. That the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia.

"5. That there was such physicial distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia."

In the case at bar the petitioner met with four of the requirements out of the five, but failed to meet the third requirement as outlined in the act, which requirement is that "there should be such prostration that the employe was compelled to cease work immediately." It is admitted the petitioner continued to work at the same employment for six or seven minutes after he felt the pain, and that he then continued to do the next job he would be required to do, which was to push this tool box on wheels for a distance of nearly a mile, and that he continued to dig a trench and worked up to the usual quitting time, which was five o'clock.

In the case of *Rosario* v. *Heller Brothers*, 2 *N. J. Mis. R.* 951, the facts of which were that the plaintiff sat down and held his side, stating he was unable to continue to work owing to the pain, and was taken to the hospital, where he was examined and, operated upon, the Supreme Court held that on that state of facts, that did not constitute prostration under the Workmen's Compensation act and reversed the findings of the workmen's compensation bureau.

In view of the decision in the Rosario case, we are of the opinion that this case should be dismissed, as there was no prostration such as would compel the employe to cease work immediately.

It is therefore, on this 20th day of March, 1925, ordered that judgment final enter in favor of the respondent and against the petitioner, and that the petition be dismissed and the prayer of the petitioner denied.

HARRY J. GOAS,
*Deputy Commissioner.*